IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

PATRICIA EDGE, in her own right and as
representative of a class of persons
similarly situated,

       Plaintiff,

v.                                              CIVIL ACTION NO. 1:21-CV-122
                                      (KLEEH)

ROUNDPOINT MORTGAGE SERVICING CORPORATION,

       Defendant.

## AMENDED CLASS COMPLAINT

### Preliminary Statement

1.  Defendant Roundpoint Mortgage Servicing Corporation ("Roundpoint") is a mortgage loan servicer that unfairly, unreasonably, and unlawfully services loans of West Virginia consumers by assessing numerous fees not permitted by West Virginia law, including property inspection fees, , and miscellaneous or other default related fees. The collection of or the threat to collect such fees are prohibited by West Virginia law. To enforce West Virginia law and stop these abusive business practices, Plaintiff brings this action on her own behalf and on behalf of a class of West Virginia borrowers with loans serviced by Roundpoint.

### Parties

2.  The Plaintiff, Patricia Edge, is a resident of West Virginia.

3. The Defendant, Roundpoint is a Delaware corporation that does business in West Virginia, and is the loan servicer responsible for collecting Plaintiff's payments and the charges assessed against her account.

**Facts**

4. In or about August 2014, Defendant was assigned the servicing rights to Plaintiff's mortgage.

5. As reflected by Plaintiff's payment history documents, Roundpoint has assessed and collected, and/or threatened to assess and collect, property inspection fees, and miscellaneous or other default related fees from Plaintiff.

6. Upon information and belief, Roundpoint threatens to charge and charges the same illegal fees to persons with West Virginia addresses.

7. Roundpoint's threats to add, and assessment of, additional fees and costs are prohibited by West Virginia law. West Virginia Code § 46A-2-127(g) prohibits "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation[.]"

8. West Virginia Code § 46A-2-128(c) prohibits a debt collector from "collect[ing] or attempt[ing] to collect from the consumer all or any part of the debt collector's fee or charge for services rendered."

9. West Virginia Code § 46A-2-128(d) prohibits "[t]he collection of or the attempt to collect any interest or other charge, fee or expense incidental to the principal obligation unless such interest or incidental fee, charge or expense is expressly authorized by the agreement creating the obligation and by statute."

10. Furthermore, except for reasonable expenses authorized by statute for realizing on a security interest as specified in W.Va. Code § 38-1-7, no charges as a result of default by the consumer are permitted unless authorized by Chapter 46A of the West Virginia Code (the "WVCCPA"). *See*, W.V. Code § 46A-2-115(a).

11. The WVCCPA does not authorize property inspection fees. Nor does any other statute in the West Virginia Code.

12. For certain federally regulated loans the WVCCPA specifies other permissible types of charges as a result of default in W.Va. Code § 46A-2-115(b)(2), including costs of publication, appraisal fees, title examination fees, notice and mailing fees, and certain trustee expenses.

13. Even for federally regulated loans, loan servicers are restricted from assessing these specified charges unless the parameters set forth in W.Va. Code § 46A-2-115(b)(3) exist.

14. Upon information and belief, Ms. Edge's loan is such a federally regulated loan as it is held by Fannie Mae. Fannie Mae requires its loan servicers to follow its guidelines as well as applicable state law.

15. However, W.Va. Code § 46A-2-115(b) does not authorize property inspection fees, or default related fees generally. Accordingly, there is no statutory authorization to charge these fees.

16. Plaintiff's mortgage agreement in paragraph 14 of the deed of trust likewise prohibits fees and charges prohibited by state law.

17. The property inspection fees, , and other default related fees are not permitted by either Plaintiff's mortgage agreement or by statute.

18.     In addition to assessing these illegal fees, according to its own call records, Roundpoint has called Plaintiff more than thirty times per week or engaged her in telephone conversations more than ten times per week, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten her.

19.     Defendant's conduct is of a kind which has the natural consequence of causing harassment, oppression, abuse, aggravation, annoyance, and inconvenience of which the Defendant knew or reasonably should have known would be the natural consequences of said conduct.  Accordingly, where intent or willfulness is required to hold Defendant liable for its conduct, intent or willfulness may be implied by the nature of said conduct.

20.     Roundpoint is liable for the acts of its employees, agents, representatives, co-conspirators and related entities under the theories of *respondeat superior*, agency, conspiracy, joint venture, joint enterprise, as parents-subsidiaries or under corporate veil-piercing, including, but not limited to, alter ego, instrumentality, identity, unity of interest, disregarding the corporate fiction and other such corporate veil-piercing theories.  Accordingly, Roundpoint is equally, co-extensively, and jointly and severally liable for each and every act of its employees, agents, representatives, co-conspirators and related entities, including each and every act of every third-party that Roundpoint hired or retained.

21.     Roundpoint's conduct as set forth herein have caused the Plaintiff undue and unreasonable harassment, oppression, abuse, aggravation, annoyance, and inconvenience by having to bring suit due to the illegal conduct of the Defendant.

22.     As a result of Defendant's conduct, Plaintiff was forced to retain counsel thereby incurring attorney fees and costs.

23. Plaintiff has suffered as a result of the stress caused by the harassment, oppression and abuse, aggravation, annoyance, and inconvenience caused by the Defendant.

## Class Allegations

24. Plaintiff brings this action individually and on behalf of all others similarly situated.

25. The class of consumers represented by Plaintiff in this action is defined as:

**All consumers with West Virginia addresses who, within the applicable statute of limitations preceding the filing of this action through the date of class certification, had or have loans serviced by Defendant and were assessed property inspection fees, or miscellaneous fees**

26. Defendant Roundpoint has corporate policies and procedures regarding the collection of debts allegedly owed by West Virginia consumers such as Plaintiff. Defendant carries out its policies and procedures through the use of standardized collection activities.

27. The class can be readily identified by collection activity logs, claim records and computer storage devices or databases, maintained by Defendant and/or its employees, representatives or agents.

28. The class is so numerous that joinder of all class members is impracticable. The precise number of class members and their addresses are unknown to Plaintiff; however, they are readily available from Defendant's records. Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

29. This action involves questions of law and fact common to the class which predominate over questions affecting individual class members.

30. Plaintiff's claims are typical of the claims of the class because, among other things, Plaintiff, like the other members of the class, was subjected to threats to collect fees, costs, or collection measures.

31. Plaintiff has displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interest of the class, and is represented by skillful and knowledgeable counsel. Plaintiff's interests do not conflict with those of the class and the relief sought by Plaintiff will inure to the benefit of the class generally.

32. The questions of law and fact that are common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy between the class members and Defendant.

33. The actions of Defendant are generally applicable to the class as a whole and to Plaintiff. For example, the class members can prove the elements of their claims against Defendant for violations of the WVCCPA on a class-wide basis using the same evidence that Plaintiff and individual class members would use to prove those claims in individual civil actions.

34. Additionally, the damages or other financial detriment suffered by individual class members is relatively small compared to the burden and expense that would be required to individually litigate each of the class member's claims against Defendant and it would be impracticable for the class members to individually seek redress for the Defendant's wrongful conduct.

35. Even if the members of the class could afford individual litigation, given the expected size of the class, separate litigation of each class member's claims against Defendant would create the potential for inconsistent and/or contradictory judgments, and cause delay and increase the expenses for the parties and the court in adjudicating the claims against Defendant. Conversely, a class action will prevent far fewer management difficulties, provide the benefits of

a single adjudication, conserve time, effort and expense, employ comprehensive and cohesive supervision by a single court, and provide a forum for small claimants.

36. The prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant. Moreover, the likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

37. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the members of the class as a whole.

38. Any difficulties in management of this case as a class action are outweighed by the benefits that a class action has to offer with respect to disposing of common issues of law and fact on issues affecting a large number of litigants.

39. The damages in this case are set by statute and generally preclude the necessity of a case-by-case assessment of damages by the court. To the extent case-by-case assessment is necessary, Defendant maintains computerized individual account information, and that information can easily be reviewed and assessed electronically. Plaintiff is unaware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership as described above.

40. Plaintiff's claims are typical of those of the class as a whole, and Plaintiff is capable of and willing to represent the other members of the class.

## Claims

### Count I – Illegal Debt Collection — Illegal Fees
### (Class Claim)

41. Plaintiff incorporates the preceding paragraphs by reference.

42. By collecting or threatening to collect additional fees and costs not permitted by law or contract, Roundpoint violated the West Virginia Consumer Credit and Protection Act, W.Va. Code §§ 46A-2-127(c), - 127(g), -128(c), and -128(d).

43. By threatening to take any action prohibited by Chapter 46 or other law regulating the debt collector's conduct, Roundpoint violated the West Virginia Consumer Credit and Protection Act, W.Va. Code § 46A-2-124(f).

### Count II - Illegal Debt Collection — False Representation of Amount of Claim
### (Class Claim)

44. Plaintiff incorporates the preceding paragraphs by reference.

45. By making false representations regarding additional fees and costs, Roundpoint misrepresented the amount of a claim in violation of W.Va. Code § 46A-2-127(d).

### Count III - Violations of the West Virginia Consumer Credit and Protection Act
### (Individual Claim)

46. Plaintiff incorporates the previous paragraphs as if fully set forth herein.

47. Plaintiff is a person who falls under the protection of Article 2 of the *West Virginia Consumer Credit and Protection Act* (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

48. The Defendant, Roundpoint, is a debt collector as defined by W.Va. Code §46A-2-122(d) engaging directly or indirectly in debt collection as defined by W.Va. Code §46A-2-122(c) within the State of West Virginia, including Harrison County, West Virginia.

49. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to:

   a. attempting to collect a debt by coercion in violation of W.Va. Code §46A-2-124;

8

    b.    engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff in violation of W.Va. Code §46A-2-125;

    c.    causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of W.Va. Code §46A-2-125(d);

    d.    utilizing fraudulent, deceptive or misleading representations or means in an attempt to collect a debt in violation of W.Va. Code §46A-2-127; and

    e.    using unfair or unconscionable means to collect a debt from Plaintiff in violation of W.Va. Code §46A-2-128.

50.    As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

**DEMAND FOR RELIEF**

Plaintiff demands for herself and the proposed class from the Defendant:

A.    Actual and compensatory damages for annoyance, aggravation, distress, bother and anxiety, for the violations of the WVCCPA as authorized by W.Va. Code §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

B.    Statutory damages in the maximum amount authorized by W.Va. Code §46A-5-101(1) as adjusted for inflation pursuant to W.Va. Code §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

C.    Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to W.Va. Code §46A-5-104;

D.    Such other relief as the Court shall deem meet and proper under the attendant circumstances.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

                              PATRICIA EDGE, Plaintiff

By:     */s/ Patricia M. Kipnis*
          Patricia M. Kipnis (WVSB #12896)
          Bailey & Glasser LLP
          923 Haddonfield Road, Suite 300
          Cherry Hill, NJ 08002
          (856) 324-8219

          Jeff E. Parsons (WVSB #10678)
          Jonathan R. Marshall (WVSB #10580)
          Bailey & Glasser LLP
          209 Capitol Street
          Charleston, WV 25301
          (304) 345-6555

          Jason E. Causey #9482
          Bordas & Bordas, PLLC
          1358 National Road
          Wheeling, WV 26003
          (304) 242-8410
          jcausey@bordaslaw.com

          *Counsel for Plaintiff*