IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

PATRICIA EDGE, in her own right and as
representative of a class of persons
similarly situated,

        Plaintiff,

v.                                                                            CIVIL ACTION NO. 1:21-CV-122
                                                                                      (KLEEH)

ROUNDPOINT MORTGAGE
SERVICING CORPORATION,

        Defendant.

**PLAINTIFF'S RULE 12(d) MOTION TO CONVERT DEFENDANT'S PARTIAL MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT, AND RULE 56(d) MOTION TO DEFER AND CONDUCT FURTHER DISCOVERY TO ADEQUATELY OPPOSE SUMMARY JUDGMENT**

        In Defendant's Partial Motion to Dismiss Plaintiff's Amended Class Complaint [ECF No. 56], the Affidavit of David Hughes in support of the same, along with the numerous exhibits (A-J) attached thereto, the Defendant has crossed into the realm of extra-pleading material sufficient to trigger the conversion provisions provided by Rule 12(d).[1]  Plaintiff therefore respectfully requests that the Court convert the Defendant's Rule 12(b)(6) Motion to one for Summary Judgment in light of the extraneous materials Defendant has injected into this critical stage of litigation. This is precisely the nature of that which Rule 12(d) was designed to protect against.

        In so doing, Plaintiff is further necessarily compelled to move this Court pursuant to Rule 56(d) to conduct additional discovery sufficient to fairly and fully defend against the (proposed)

---

[1] "[I]n the typical case, it is the movant who seeks to bolster what starts out as a Rule 12(b)(6) motion, and perhaps secure the benefits of a summary judgment, by causing the conversion. Therefore, it is not surprising that there are numerous cases in which the moving party initiates the introduction of matters outside the pleading and effects a conversion of the original motion."  (Wright & Miller) 5C Fed. Practice and Proc. Civ. 1366 (3d ed.).

1

newly-converted summary judgment motion.  Plaintiff's Rule 56(d) Affidavit is attached hereto as **Exhibit 1**.

Alternatively, Plaintiff requests the Court allow the Plaintiff 14 days from the denial of this motion to file a response to the Rule 12(b) motion on the merits (to the greatest extent possible).

**PROCEDURAL HISTORY**

Plaintiff Patricia Edge brought a consumer class action under the state Consumer Credit and Protection Act ("CCPA") on June 15, 2021. Plaintiff alleges that RoundPoint is a mortgage loan servicer that unfairly, unreasonably, and unlawfully services West Virginia consumers' loans by assessing numerous fees not permitted by West Virginia law, including property inspection fees and other miscellaneous illegal fees, the collection of which, or the threat to collect, such fees are prohibited by West Virginia law.  Amended Class Complaint [ECF No. 53] at ¶ 1. The case was removed to this Court on September 2, 2021.  Defendant Roundpoint filed an answer on September 9, 2021.  Thereafter, a scheduling order was entered on October 18, 2021 after which discovery commenced with the exchange of initial disclosures and an informal exchange of information.

On February 18, 2022, the parties each served written discovery and the Plaintiff served a Rule 30(b) deposition notice, attached as **Exhibit 2**.  The parties jointly requested a stay of this action on March 11, 2022 while the parties pursued mediation. A stay was granted by Order dated March 18, 2022.

Unfortunately, the mediation was unsuccessful. The stay was lifted and a first amended scheduling order was entered on May 10, 2022. In early June, the parties each answered written discovery.  Thereafter, the Court on July 8 and July 22 granted extensions of Plaintiff's amendment deadline while Plaintiff pursued supplemental written discovery to determine if an amendment to

the complaint was necessary. The Court granted a similar extension for Plaintiff's motion to compel deadline.

Defendant Roundpoint provided supplementation for some of its discovery responses. After review, Plaintiff was able to determine that some of her claims were no longer viable. On August 1, 2022, Plaintiff moved to amend. The amended pleading removed certain claims but did not add any substantive claims or materially alter any remaining claims. On August 2, 2022, Plaintiff filed a motion to compel. The motion primarily concerns class discovery and class data to support a class certification motion, as well as certain items of merits discovery that Plaintiff asserts are relevant to individual and class claims.

Meanwhile, on multiple occasions, Plaintiff continued to press for a Rule 30(b) deposition which notice includes both merits and class discovery topics. However, Defendant has not offered any dates for deposition. In an attempt at compromise, Plaintiff suggested that a deposition on topics pertaining to merits could be conducted prior to class topics. To date, no deposition has taken place and no dates for any deposition have been offered.

Defendant filed a notice that it did not object to the motion to amend on August 12, 2022. An order granting an agreed extension to respond to the motion to compel was entered on August 16, 2022. On August 30, 2022, Defendant Roundpoint moved to stay all discovery pending a motion to dismiss that it anticipated filing assuming the motion to amend was granted. Alternatively, Defendant sought to stay only class discovery.

Roundpoint responded to the motion to compel on September 6, 2022 indicating that it would soon moot the alleged deficiency with respect to merits discovery through supplemental production and continued to press that class discovery should be stayed pending adjudication of its forthcoming motion to dismiss. Roundpoint has not provided any supplemental production

since filing this response brief. On September 7, 2022, the Court granted the motion to amend. Plaintiff opposed the motion to stay on September 13, 2022. Finally, on September 19, 2022, Roundpoint moved under Rule 12(b) for partial dismissal of Plaintiff's claims. Pursuant to the Court's extension granted October 3, 2022, Plaintiff has not yet responded to the Rule 12(b) motion.

The motions to compel discovery and to stay discovery have been fully briefed and remain pending before the Court. This matter is presently before this Court on Defendant's Partial Motion to Dismiss Plaintiff's Amended Class Complaint [ECF No. 56]. For the reasons that follow, Plaintiff moves this Court for relief under Rules 12(d) and 56(d).

## LEGAL STANDARDS

### a. Rule 12(d) Conversion to Motion for Summary Judgment

Generally, in ruling on a Rule 12(b)(6) motion, a court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein...." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013). In considering a challenge to the adequacy of Plaintiff's pleading, however, the Court may properly consider documents "attached or incorporated into the complaint," as well as documents attached to the Defendant's motion, "so long as they are integral to the complaint and authentic." *Phillips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also, E.I. du Pont de Nemours & Co.*, 637 F.3d at 448.

Importantly, to be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, give rise to the legal rights asserted.'" *Chesapeake Bay Foundation, Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted).

Conversely, when matters outside the pleadings are presented to the court, a Rule 12(b)(6) motion to dismiss shall be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *Nat'l Mortgage Warehouse, LLC v. Trikeriotis*, 201 F.Supp.2d 499, 502 (D. Md. 2002). Where a party knows that materials outside the pleadings are before the court, that party is considered to have notice that the motion to dismiss may be treated as a motion for summary judgment. *Id*. Both parties in this case have presented affidavits and/or other outside pleadings for the Court's consideration. As such, the Court should treat the instant motion as a Motion for Summary Judgment.

Courts may consider "documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (internal citation and quotation omitted). Additionally, a court "may properly take judicial notice of 'matters of public record' and other information that, under Fed. R. Evid. 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). A court may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id*.

In contrast, where the parties present matters outside of the pleadings, such as in this case, and the court considers those matters, a motion to dismiss is treated as one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997). "There are two requirements for a proper Rule 12(d) conversion." *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 721 F.3d 264, 281 (4th Cir.

2013). First, all parties must "be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment," which can be satisfied when a party is "aware that material outside the pleadings is before the *court." Id.; see also, Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)*; Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (commenting that a court has no obligation "to notify parties of the obvious"). Plaintiff concedes the obvious here. "[T]he second requirement for proper conversion of a Rule 12(b)(6) motion is that the parties first 'be afforded a reasonable opportunity for discovery.'" *Greater Baltimore*, 721 F.3d at 281. This is important to achieving the goal of fair play, and the Plaintiff respectfully requests such relief as stated below.

    b.  **Rule 56(d) Motion to Permit Additional Time to Conduct Discovery**

The Fourth Circuit has strictly interpreted the requirements of Rule 56(d), emphasizing the need for a Rule 56 affidavit that "particularly specifies legitimate needs for further discovery" and identifies "which aspects of discovery required more time to complete." *Nguyen*, 44 F.3d at 242. Indeed, the Fourth Circuit places "great weight on the Rule 56(d) affidavit" and, to that end, "[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(d) to set out reasons for the need for discovery in an affidavit." *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (quoting *Nguyen*, 44 F.3d at 242 (internal citations omitted)). To be sure, Plaintiff has attached her Rule 56(d) Affidavit hereto as Exhibit 1.

Further, Rule 56(d) requires the district court to refuse to grant summary judgment when the non-movant "has not had the opportunity to discover information that is essential to [her] opposition." *Works v. Colvin*, 519 F. App'x 176, 181–82 (4th Cir. 2013)(quoting Fed. R. Civ. P. 56(d))(internal quotations omitted). It is incumbent upon the nonmovant that she must show

through affidavits that she cannot yet properly oppose a motion for summary judgment. Fed. R. Civ. P. 56(d); *Evans*, 80 F.3d at 961. "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(d) in good faith and to afford the trial court the showing necessary to assess the merits of a party's opposition." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quotation marks omitted).

"A Rule 56(d) affidavit that conclusorily states that discovery is required is insufficient; the affidavit must specify the reasons the party is unable to present the necessary facts and describe with particularity the evidence that the party seeks to obtain." *Radi v. Sebelius*, 434 F. App'x 177, 178 (4th Cir. 2011) (citing *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995). Plaintiff respectfully submits she has complied with all of Rule 56(d)'s requirements.

Importantly, because the rule "is intended as a safeguard against a premature grant of summary judgment[,] [courts] should construe the rule liberally[.]" *Works*, 519 F. App'x at 182 (internal quotations omitted); *accord Harrods*, 302 F.3d at 245 n. 18 (citing with approval sources applying the rule liberally).

Rule 56(d) of the Federal Rules of Civil Procedure provides that if the opposing party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion for summary judgment, the court can defer or deny the motion, or allow time for discovery. Fed. R. Civ. P. 56(d). As more fully discussed in detail below, the Plaintiff respectfully moves for a period of time sufficient to conduct a Rule 30(b)(6) deposition

of Defendant's corporate representative and to afford this Court an opportunity to rule on the remaining contested items contained in her pending Motion to Compel.

The affidavit must "explain[ ] why facts precluding summary judgment cannot be presented," which requires the party "identify[ ] (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Ptnrs., LTD.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotation marks omitted). Plaintiff asserts there exist probable facts which are not available, which she cannot present at this time, pending additional time for this Court to rule on her Motion to Compel and to obtain a deposition that she first requested in February, 2022.

## ANALYSIS

a. The Court should convert Defendant's Motion to Dismiss to a Motion for Summary Judgment

When matters outside the pleadings are presented to the court, a Rule 12(b)(6) motion to dismiss shall be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *See*, *Nat'l Mortgage Warehouse, LLC v. Trikeriotis*, 201 F.Supp.2d 499, 502 (D. Md. 2002). The instant matter fits such treatment to a T.  Therefore, the Plaintiff moves pursuant to Rule 12(d) to convert Defendant's Rule 12(b)(6) Motion into on for summary judgment as stated above, insofar as the motion attached an Affidavit and ten (10) accompanying exhibits, many of which fall outside the pleadings, are contested as to authenticity and truthfulness, and are newly raised.

In its Motion, Defendant has raised, among other things, questions of fact regarding the reasonableness of the property inspections at issue. RoundPoint has put this reasonableness into

question via its self-serving Affidavit, which is not appropriate territory for Rule 12(b)(6) scrutiny. Similarly, the Affidavit and accompanying attached exhibits purport to introduce evidence to prove the inspections and costs were actually incurred; that following a "periodic" review in January 2019, Defendant, "out of an abundance of caution," issued a $240 check to Plaintiff--more than a year after it transferred the serving of the Loan; and among other things, even performed some legal research and provided it for the Court's consideration, rather than simply attaching it as an unpublished case.

More specific to Defendant's attached Affidavit, Plaintiff takes issue with the following, which raise genuine issues of material fact best viewed under the lens of Rule 56. Defendant submits that the four-page affidavit with ten (10) exhibits, including several internal documents that were not relied on in the Amended Complaint and never seen before litigation, cannot form the basis of a 12(b) motion. The questionable exhibits included in the Defendant's motion are as follows:

(1) A complex, internal payment history with fifteen columns and hundreds of rows of data;
(2) A complex, internal corporate advance summary with fourteen columns and hundreds of rows of data;
(3) A complex, internal escrow disbursement summary with nine columns and dozens of rows of data;
(4) A complex, internal fee transaction summary with seven columns and dozens of rows of data;
(5) A complex, internal "Principal and Boarding Amounts" summary with five columns and dozens of rows of data;
(6) An internal Title Certificate;
(7) An internal invoice for a title search; and
(8) Two internal Inspection Detail Reports.

For these reasons, Plaintiff submits to this Court that Defendant's 12(b)(6) motion viewed under the lens of Rule 12(d) militates in favor of conversion to summary judgment. Thereafter,

the Plaintiff must be afforded additional time to complete discovery to address these, and other matters presented, and which discovery has been withheld to date.

      b.  <u>Plaintiff requires additional time to conduct discovery pursuant to Rule 56(d)</u>

Rule 56(d) requires the district court to refuse to grant summary judgment when the non-movant "has not had the opportunity to discover information that is essential to [her] opposition." *Works v. Colvin*, 519 F. App'x 176, 181–82 (4th Cir. 2013)(quoting Fed. R. Civ. P. 56(d))(internal quotations omitted). The Plaintiff requires discovery as to her claim that default fees were illegally assessed to her loan for four reasons. The first reason was articulated in the Defendant RoundPoint's memorandum in support of its motion at page 13:

> [I]f Plaintiff wishes to show that the property inspection fees were improper, she will be required to establish that RoundPoint was not realizing upon its security interest in accordance with W. Va. Code § 46A-2-115(a) at the time that this fee was assessed.

Plaintiff wishes to take RoundPoint up on the offer. Plaintiff will show through discovery that one or more of the property inspection fees were not incurred in realizing on a security interest. *See* RoundPoint's Memorandum at 9 (arguing "property inspection fees are recoverable if incurred in realizing on a security interest.") Plaintiff wishes to question RoundPoint as to its policies and procedures generally and practices exhibited in this loan file. Those policies, procedures and practices have their origin in Fannie Mae's guidelines, or at least they should, as Fannie Mae is the owner or holder of this loan. *See*, Roundpoint letter to Edge dated August 10, 2017 identifying Fannie Mae as the owner of the loan, attached as **Exhibit** 3. Fannie Mae's servicing requirements as they pertain to conducting property inspections are not tied to "realizing on a security interest" or exclusive to foreclosure and serve other purposes. Defendant wishes to avoid critical admissions on this topic by avoiding a deposition altogether through an improper Rule 12(b) motion.

Fannie Mae's servicing requirements may or may not have been applicable for the loans at issue in the three opinions relied on by RoundPoint (*see*, RoundPoint's Memorandum at 9) and certainly were not analyzed in any detail by those courts.  However, it is worth noting that all three decisions were issued under Rule 56 after allowing for time to conduct discovery, which should also be allowed here.  Discovery may further show that foreclosure was not even in process when one or more of the property inspection fees were incurred in this matter.

Second, even if the Court were to accept Defendant's interpretation of W.Va. Code § 46A-2-115, and read a "Limitation on Default Charges" as permitting any "expenses" whatsoever, provided the expenses meet a non-specific notion of reasonableness and are incurred in realizing on a security interest, factual questions remain.  Of course, the Court should not accept this interpretation because it is inconsistent with legislative intent, the liberal interpretation requirement of a remedial statute and the historical understanding of this provision including that of state regulators. Furthermore, RoundPoint's interpretation fosters only absurd results and creates internal conflicts within the WVCCPA and with federal law.  However, Plaintiff will forgo detail for the time being as the purpose here is to show only that discovery remains necessary even if the Court reads the statute as proffered in the motion.

As previously noted, Fannie Mae's guidelines are instructive as it is the holder of the Loan. These guidelines provide in pertinent part:

> However, the servicer must not complete a property inspection every calendar month when the mortgage loan is 90 or more days delinquent if
>
> - the property is borrower/tenant occupied, and
> - one of the following has occurred:
>   - QRPC has been established within the last 30 days,
>   - a full payment has been received within the last 30 days,
>   - a workout option has been approved and the borrower is performing under the plan, or

11

        o   the borrower is performing under the applicable bankruptcy plan.[2]

Furthermore, a loan servicer may not request reimbursement for a property inspection not in compliance with Fannie Mae Guidelines.[3]  Here, Plaintiff has reason to believe that a full payment was received within 30 days of a May 2017 property inspection – a topic that warrants deposition testimony to explain the internal account records relied on by Roundpoint.[4]  Plaintiff also seeks discovery as to when a QRPC or Qualified Right Party Contact was established under RoundPoint's procedures for this loan – a topic that is pending in the motion to compel.  Finally, Plaintiff has reason to believe that a workout option was approved and performing at the time an August 2017 property inspection was conducted and seeks deposition testimony in this respect. All of these issues go to the reasonableness of the charges and warrant discovery regardless of how one interprets the statute.

Third, Defendant relies on § 46A-2-115(b) as authorization for charging the Plaintiff a title certificate fee of $225.  *See*, RoundPoint's Memorandum at 12.  While title examination fees are

---

[2] *See* part D2-2-10: Requirements for Performing Property Inspections of Fannie Mae's Servicing Guide which may be found at https://servicing-guide.fanniemae.com/THE-SERVICING-GUIDE/Part-D-Providing-Solutions-to-a-Borrower/Subpart-D2-Assisting-a-Borrower-Who-is-Facing-Default-or/Chapter-D2-2-Requirements-for-Contacting-a-Borrower/D2-2-10-Requirements-for-Performing-Property-Inspections/1042371021/D2-2-10-Requirements-for-Performing-Property-Inspections-11-17-2021.htm

[3] *See* part F-1-05 of Fannie Mae's Servicing Guide under the heading Reimbursement for Property Inspections and Property Preservation Expenses which may be found at https://servicing-guide.fanniemae.com/THE-SERVICING-GUIDE/Part-F-Servicing-Guide-Procedures-Exhibits-Quick-Referen/Chapter-F-1-Servicing-Guide-Procedures/F-1-05-Expense-Reimbursement/1045188371/F-1-05-Expense-Reimbursement-02-09-2022.htm#Reimbursement.20for.20Recording.20Costs.20Associated.20with.20a.20Mortgage.20Loan.20Satisfaction.20or.20Charge-Off

[4] Plaintiff notes that Defendant's motion considers the legality of only two property inspection fees.  However, additional fees are at issue here.  Defendant fails to account for the tolling of the statute of limitations under W.V. Code 46A-5-108(c) which makes additional property inspection fees actionable.  Furthermore, certain of the violations alleged here occurred at the time misrepresentations were made not merely at the time the fee was internally assessed to an account.  *Compare*, 46A-2-127(g)(making "[a]ny representation …" is illegal) with  § 46A-2-115(b)(3)("no charge may be assessed").  Accordingly, if one presently represents that it is entitled to collect a fee that was previously charged improperly, there are two violations at issue, *i.e.* the charge and the subsequent representation, that commence for purposes of the statute of limitations at different times.  Therefore, Defendant's analysis underlying its motion is fundamentally flawed and incomplete.

one of the enumerated charges permitted by statute, the inquiry is not so simple. Section 46A-2-115(b)(3)(emphasis added) provides in pertinent part that:

> For purposes of the charges expressly authorized by this subsection, <u>no charge may be assessed and collected from a consumer unless</u>: (A) Each charge is reasonable in its amount; (B) each charge is actually incurred by or on behalf of the holder of the consumer loan; (C) each charge is actually incurred after the last day allowed for cure of the consumer's default pursuant to section one hundred six of this article and before the consumer reinstates the consumer loan or otherwise cures the default; (D) the holder of the consumer loan and the consumer have agreed to cancel any pending trustee's sale or other foreclosure on the real property securing the consumer loan; and (E) in the case of an appraisal fee, no appraisal fee has been charged to the consumer within the preceding six months.

Here, Plaintiff in her Amended Complaint does not concede the requirements of § 46A-2-115(b)(3)(A-E) have been established and wishes to inquire in this regard at deposition.

Fourth, specific to Defendant's attached Affidavit, Plaintiff takes issue with the following. Concerning Paragraph 3, Plaintiff disputes that RoundPoint's business records are entirely accurate. Accordingly, Plaintiff has the right to inquire about the payment history and history of fees assessed to the account. As to Paragraph 9, Plaintiff disputes the accuracy as to the details of default and how far behind the loan was at various times, and further notes key data is missing from the analysis. Regarding Paragraphs 10-12, Plaintiff has no knowledge of these statements and cannot independently verify the same without being able to test these assertions in discovery. Finally, as to Paragraph 15, Plaintiff lacks knowledge concerning periodic internal reviews conducted by RoundPoint and should be afforded the opportunity to inquire during discovery.

WHEREFORE, Plaintiff respectfully requests this Court grant her Rule 12(d) Motion to convert the pending Partial Motion to Dismiss Amended Class Complaint into one for Summary Judgment, and deny the same without prejudice or defer ruling to allow Plaintiff time to conduct merits discovery (including a Rule 30(b)(6) deposition) in accord with Plaintiff's Rule 56(d) request.

Alternatively, Plaintiff requests the Court allow the Plaintiff 14 days from the denial of this motion to file a response to the Rule 12(b) motion on the merits (to the greatest extent possible).

Plaintiff submits this roadmap would be mutually beneficial to both parties, would conserve both the parties' and this Court's time and resources, would serve the interests of justice, is not done for purposes of delay, and would present no prejudice to either party.

                Respectfully submitted,

                Patricia Edge, Plaintiff

By:    */s/ Jason E. Causey*
Jason E. Causey #9482
Bordas & Bordas, PLLC
1358 National Road
Wheeling, WV 26003
(304) 242-8410

Jeff E. Parsons #10678
Jonathan R. Marshall #10580
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555

Patricia M. Kipnis #12896
Bailey & Glasser LLP
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
(856) 324-8219

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify on this 14th day of October 2022, I electronically filed the foregoing **PLAINTIFF'S RULE 12(d) MOTION TO CONVERT DEFENDANT'S PARTIAL MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT, AND RULE 56(d) MOTION TO DEFER AND CONDUCT FURTHER DISCOVERY TO ADEQUATELY OPPOSE SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF System.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                  */s/ Jason E. Causey*
                                                  Jason E. Causey #9482