IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PATRICIA EDGE in her own right and as representative of a class of persons similarly situated,**

    **Plaintiff,**

v.                                  CIVIL ACTION NO. 1:21-CV-122
                                                 **(KLEEH)**

**ROUNDPOINT MORTGAGE SERVICING CORPORATION,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO COMPEL [ECF NO. 43]**

Plaintiff, by counsel, filed *Plaintiff's Motion to Compel Discovery*. [ECF No. 43]. Plaintiff seeks to compel Defendant's complete responses to her discovery requests pursuant to Rule 37 of the Federal Rules of Civil Procedure. Defendant responded in opposition and Plaintiff replied. ECF Nos. 51, 55. For the reasons set forth herein, the motion to compel [ECF No. 43] is **GRANTED**.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Patricia Edge sues Defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint"), on behalf of herself and a class of West Virginia borrowers with loans serviced by RoundPoint. ECF No. 53, Am. Compl., ¶ 1. RoundPoint "unfairly, unreasonably, and unlawfully services loans of West Virginia consumers by assessing numerous fees not permitted by West Virginia law." Id.

**MEMORANDUM OPINION AND ORDER GRANTING**
**PLAINTIFF'S MOTION TO COMPEL [ECF NO. 43]**

Plaintiff alleges RoundPoint is a debt collector pursuant to W. Va. Code § 46A-2-122(d). Id. ¶ 48. Plaintiff alleges RoundPoint improperly charged her costs and fees in contravention of the WVCCPA, and harassed her in carrying out its debt collection practices.

Plaintiff pleads three causes of action against RoundPoint:

(1) Illegal Debt Collection – Illegal Fees (Class Claim)

(2) Illegal Debt Collection – False Representation of Amount of Claim (Class Claim)

(3) Violations of the West Virginia Consumer Credit and Protection Action (Individual Claim)

During ongoing discovery, Plaintiff requested information from Roundpoint that relates to her pending claims. Specifically, Plaintiff seeks information that relate to class certification, and argues that pre-certification production of discovery is proper under the law, and relevant to the determination of class certification. Plaintiff served this discovery on February 18, 2022. ECF No. 17.

Roundpoint served its responses, initially objecting to the requests. ECF Nos. 28, 29. After fulfilling their mutual "meet and confer" obligation, Plaintiff timely filed this motion to compel

**MEMORANDUM OPINION AND ORDER GRANTING**
**PLAINTIFF'S MOTION TO COMPEL [ECF NO. 43]**

pursuant to Rule 37 of the Federal Rules of Civil Procedure.[1]  A dispute remains on four (4) interrogatories and nine (9) document requests:

>Interrogatory 1:  Please identify how many persons with West Virginia addresses to whom you have sent letters, documents, or other similar writings which mentioned the words "property inspection", "property preservation", "default costs", or other similar words that relate to fees that may be charged to a borrower's account for the period beginning four years prior to the filing of this action to the present, including in your identification the number of letters sent and the form of the letter.
>
>Interrogatory 2: Please identify how many West Virginia consumers you have charged or collected Property Inspection Fee, "Default Costs", or other similar fees for the period beginning four years prior to the filing of this action to the present, including in your identification the fee charged and whether it was collected or not.
>
>Interrogatory 3: For each Property Inspection Fee or Default Cost that Defendant assessed against a West Virginia consumer for the period beginning four years prior to the filing of this action to the present, state (a) the date the Property Inspection Fee or Default Cost was assessed; (b) the amount of the Property Inspection Fee or Default Cost; (c) whether the Property Inspection Fee or Default Cost was paid; (d) whether the Property Inspection Fee or Default Cost was reversed, refunded, or waived; (e) how much of

---

[1] By order, the Plaintiff's deadline to file a motion to compel was extended to August 2, 2022. ECF No. 40.

the Property Inspection Fee or Default Cost You paid to a third party; and (f) the document and/or database that contains a record of the Property Inspection Fee or Default Cost.

Interrogatory 4: Identify the categories of personal information maintained by You for West Virginia Consumers You have charged any Property Inspection Fee or Default Cost that Defendant assessed against a West Virginia consumer for the period beginning four years prior to the filing of this action to the present. Responsive information to this Interrogatory includes but is not limited to identifying whether Defendant maintains a record of those persons' home Plaintiff, a summary of the communication, and the date on which said communication occurred.

Request for Production of Documents 2: Please produce all documents sent to Plaintiff by you.

Request for Production of Documents 4: Please produce all documents relating or referring to any communications between you and Plaintiff.

Request for Production of Documents 6: Please produce each type of letter and/or form letter you have sent to persons with West Virginia addresses for the period beginning four years prior to the filing of this action to the present.

Request for Production of Documents 7: For each Property Inspection Fee or Default Cost that was assessed against a West Virginia consumer for the period beginning four years prior to the filing of this action to the present ("Class Member"), produce documents sufficient to show (a) the name and last known address of the Class Member; (b) the address where the Class Member's property is located; (c) the date(s) any Property Inspection Fee or Default Cost(s) was assessed; (d) the amount

of the Property Inspection Fee or Default Cost; (e) whether the Property Inspection Fee or Default Cost was paid; and (f) whether the Property Inspection Fee or Default Cost was reversed, refunded, or waived. To the extent that such documents exist in electronic format in a database, Plaintiff requests access to the database(s) or that the information be produced in electronic format.

Request for Production of Documents 8: Produce in electronic format the identity of every person with a West Virginia address to whom Defendant has sent a communication containing the words "Property Inspection Fee", "Default Cost", or other similar words for fees.

Request for Production of Documents 9: Produce all documents, papers, accounts, letters or written descriptions concerning the allegations in the Complaint, whether signed or not, and which are in your possession, custody, or control.

Request for Production of Documents 10: Produce all documents concerning the Property Inspection Fees or Default Costs that Defendant has assessed during the Relevant Time Period to West Virginia consumers for the period beginning four years prior to the filing of this action to the present.

Request for Production of Documents 12: Produce all documents that You may use to challenge the adequacy of Plaintiff to serve a class representative.

Request for Production of Documents 13: Produce all documents that You may use to challenge the appointment of Plaintiff as a class representative on grounds her claims are not typical of those of the classes she seeks to represent.

**MEMORANDUM OPINION AND ORDER GRANTING**
**PLAINTIFF'S MOTION TO COMPEL [ECF NO. 43]**

>Request for Production of Documents 24: Please produce all documents evidencing and relating to any decision to refund the Plaintiff and/or class members fees that you collected.
>
>Request for Production of Documents 25: Please produce all documents evidencing and relating to any decision to cease collecting Property Inspection Fees from the Plaintiff or class members.
>
>Request for Production of Documents 26: Please produce copies of the servicing guidelines and procedures that applied to the servicing of Plaintiff's loan during the time the responding Defendant serviced the loan, including all procedures related to the assessment of fees, the application of payments, and contacts with borrowers.

ECF No. 43 at 2-13. Roundpoint objects to each request on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information to Plaintiff's claims. Id. In its response to the motion to compel, Roundpoint argues the motion will soon be mooted and that the discovery requests are premature. ECF No. 51. The Court grants the motion to compel because the requested information is within the bounds of permissible discovery. ECF No. 43.

## II. LEGAL STANDARD

Rule 26(b)(1) permits parties to

>obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the

> issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). This Court, specifically Magistrate Judge Aloi, has expounded on the scope of Rule 26.

> To be discoverable, information must be relevant. "Relevance for discovery purposes [, however] is defined more broadly than relevance for evidentiary purposes." Kidwiler v. Pregressive Paloverde Ins. Co., 192 F.R.D. 193 (N.D.W. Va. March 30, 2000); see also, Hickman v. Taylor, 329 U.S. 495, 501 (1947). Information is relevant "if it 'bears on, or ... reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" Id.; see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Moreover, "'[r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.' Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purpose." Furthermore, "control over pretrial discovery is within the discretion of the trial court." King v. McCown, 831 F.2d 290 (4th Cir. 1987) (table).

Taylor v. Wallace Auto Parts & Servs., Inc., No. 2:19-CV-27, 2019 WL 13096506, at *5 (N.D.W. Va. Oct. 11, 2019) (Aloi, M.J.).

As Plaintiff points out, the Court's First Amended Scheduling Order [ECF No. 27] does not limit or bifurcate discovery. Instead, it ordered one "completed discovery" deadline.

> "Completed discovery" as used in Fed. R. Civ. P. 16(b) means that within the time limits set, all discovery, objections, motions to compel, and all other motions and replies relating to discovery in this civil action have been filed, and the party objecting or responding has had sufficient time under the Federal Rules of Civil Procedure to make responses. The term "all discovery" in the preceding definition of "completed discovery" includes the disclosures required by Fed. R. Civ. P. 26(a)(1) and (2) but does not include the disclosures required by Fed. R. Civ. P. 26(a)(3).

Id. ¶ 3. The Court also referenced its local civil rules to provide additional resources for the benefit of the parties. Id. ¶¶ 3-4.

Rule 23(a) of the Federal Rules of Civil Procedure governs class actions, and sets forth the four prerequisites for a class action suit:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

This Court has found that information necessary to determine Rule 23(a) class certification issues, including numerosity, common questions, typicality of claims and defenses, and adequacy of

**MEMORANDUM OPINION AND ORDER GRANTING**
**PLAINTIFF'S MOTION TO COMPEL [ECF NO. 43]**

protection of the interests of the class, is discoverable pre-certification, so long as other discovery threshold standards have been met. See Paulino v. Dollar Gen. Corp., No. 3:12-cv-75-GMG-JES, *1 (N.D.W. Va. Apr. 25, 2013) (unpublished). "Discovery may be used to 'illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation.'" Id. at *17 (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 n. 13 (1978)). While Plaintiff filed the motion to compel pursuant to Rule 37, it is the opposing party who "bears the burden of showing why it should not be granted." Carson & Roberts Site Const. & Eng'g, Inc. v. Sheehan Pipe Line Const. Co., No. 1:14-CV-168, 2015 WL 3486585, at *2 (N.D.W. Va. June 2, 2015).

### III. DISCUSSION

Plaintiff's claims against Roundpoint are governed by the WVCCPA. Plaintiff alleges Roundpoint improperly charged her fees and, in an attempt to collect, harassed her by threatening additional fees. ECF No. 53, Am. Compl., ¶ 1. West Virginia Code § 46A-2-127(g) bans "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO COMPEL [ECF NO. 43]**

be added to the existing obligation[.]" Id. ¶ 7. The WVCCPA further prohibits a debt collector from "collect[ing] or attempt[ing] to collect from the consumer all or any part of the debt collector's fee or charge for services rendered" and excludes "[t]he collection of or the attempt to collect any interest or other charge, fee or expense incidental to the principal obligation unless such interest or incidental fee, charge or expense is expressly authorized by the agreement creating the obligation and by statute." Id. ¶¶ 8-9 (quoting W. Va. Code §§ 46A-2-128(c) and (d)).

As a result of default, the WVCCPA authorizes charges against a consumer for "costs of publication, appraisal fees, title examination fees, notice and mailing fees, and certain trustee expenses," but does not permit property inspection fees. Id. ¶¶ 10-12. The WVCCPA likewise does not allow charges of property inspection fees or default related fees. Id. ¶ 15. "Plaintiff's mortgage agreement in paragraph 14 of the deed of trust likewise prohibits fees and charges prohibited by state law." Id. ¶ 16.

Roundpoint has failed to demonstrate why Plaintiff's motion to compel should not be granted. Roundpoint's arguments that the motion will soon be mooted and that Plaintiff's requests were premature are insufficient to overcome its burden. The scope of discovery does not limit Plaintiff from discovering the

information sought in her interrogatories and document requests. Having established district courts have broad discretion in conducting discovery and "determin[ing] the course of proceedings[,]" see Fed. R. Civ. P. 23(d), Roundpoint's blanket objections that Plaintiff's requests are "overbroad and unduly burdensome" and irrelevant fails.

Plaintiff is entitled to the discovery from Roundpoint in her attempt to meet her burden of proof under Rule 23 of the Federal Rules of Civil Procedure at the class certification stage. See Paulino, No. 3:12-cv-75 at *13–14. This Court did not bifurcate discovery in this action; instead, the parties have one discovery completion deadline. See ECF No. 27. The information sought is relevant to class certification regarding the issues of typicality and commonality. Each request identifies one of the four prerequisites to class action suits under Rule 23. For example, Plaintiff's interrogatories in dispute request the number of people with West Virginia addresses that Roundpoint sends letters relating to "property inspection" and "default costs", which are allegations in direct dispute in this civil action. Again aligning with the allegations contained in the Amended Complaint, Plaintiff requests the number of West Virginia consumers that Roundpoint has charged a Property Inspection Fee or Default Costs, and, out of

those West Virginia consumers, the date the fee was assessed and the amount charged. This information is directly relevant to Plaintiff's numerosity, commonality, and typicality requirements under Rule 23, and implicate alleged violations of the WVCCPA.

Plaintiff's requests for production are no different. Plaintiff has identified relevant areas of inquiry and all are within the permissible bounds of discovery. Indeed, Plaintiff requests documents concerning allegations in the complaint, limits any time period to 4 years prior to this action, and demands documents supporting the same or similar questions of fact or law implicated by the complaint, of a potential class. Roundpoint has not supported its statement that these requests are burdensome and fails to overcome Plaintiff's motion to compel.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Discovery is **GRANTED**. ECF No. 43. Defendant is **ORDERED** to produce the following responsive, non-privileged information within thirty (30) days of entry of this Order or pursuant to any agreement reached by the parties, whichever is later:

> Interrogatory 1:  Please identify how many persons with West Virginia addresses to whom you have sent letters, documents, or other similar writings which mentioned the words

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO COMPEL [ECF NO. 43]**

"property inspection", "property preservation", "default costs", or other similar words that relate to fees that may be charged to a borrower's account for the period beginning four years prior to the filing of this action to the present, including in your identification the number of letters sent and the form of the letter.

Interrogatory 2: Please identify how many West Virginia consumers you have charged or collected Property Inspection Fee, "Default Costs", or other similar fees for the period beginning four years prior to the filing of this action to the present, including in your identification the fee charged and whether it was collected or not.

Interrogatory 3: For each Property Inspection Fee or Default Cost that Defendant assessed against a West Virginia consumer for the period beginning four years prior to the filing of this action to the present, state (a) the date the Property Inspection Fee or Default Cost was assessed; (b) the amount of the Property Inspection Fee or Default Cost; (c) whether the Property Inspection Fee or Default Cost was paid; (d) whether the Property Inspection Fee or Default Cost was reversed, refunded, or waived; (e) how much of the Property Inspection Fee or Default Cost You paid to a third party; and (f) the document and/or database that contains a record of the Property Inspection Fee or Default Cost.

Interrogatory 4: Identify the categories of personal information maintained by You for West Virginia Consumers You have charged any Property Inspection Fee or Default Cost that Defendant assessed against a West Virginia consumer for the period beginning four years prior to the filing of this action to the present. Responsive information to this Interrogatory includes but is not limited to identifying whether Defendant maintains a

record of those persons' home Plaintiff, a summary of the communication, and the date on which said communication occurred.

Request for Production of Documents 2: Please produce all documents sent to Plaintiff by you.

Request for Production of Documents 4: Please produce all documents relating or referring to any communications between you and Plaintiff.

Request for Production of Documents 6: Please produce each type of letter and/or form letter you have sent to persons with West Virginia addresses for the period beginning four years prior to the filing of this action to the present.

Request for Production of Documents 7: For each Property Inspection Fee or Default Cost that was assessed against a West Virginia consumer for the period beginning four years prior to the filing of this action to the present ("Class Member"), produce documents sufficient to show (a) the name and last known address of the Class Member; (b) the address where the Class Member's property is located; (c) the date(s) any Property Inspection Fee or Default Cost(s) was assessed; (d) the amount of the Property Inspection Fee or Default Cost; (e) whether the Property Inspection Fee or Default Cost was paid; and (f) whether the Property Inspection Fee or Default Cost was reversed, refunded, or waived. To the extent that such documents exist in electronic format in a database, Plaintiff requests access to the database(s) or that the information be produced in electronic format.

Request for Production of Documents 8: Produce in electronic format the identity of every person with a West Virginia address to whom Defendant has sent a communication containing the words "Property Inspection Fee", "Default

Cost", or other similar words for fees.

Request for Production of Documents 9: Produce all documents, papers, accounts, letters or written descriptions concerning the allegations in the Complaint, whether signed or not, and which are in your possession, custody, or control.

Request for Production of Documents 10: Produce all documents concerning the Property Inspection Fees or Default Costs that Defendant has assessed during the Relevant Time Period to West Virginia consumers for the period beginning four years prior to the filing of this action to the present.

Request for Production of Documents 12: Produce all documents that You may use to challenge the adequacy of Plaintiff to serve a class representative.

Request for Production of Documents 13: Produce all documents that You may use to challenge the appointment of Plaintiff as a class representative on grounds her claims are not typical of those of the classes she seeks to represent.

Request for Production of Documents 24: Please produce all documents evidencing and relating to any decision to refund the Plaintiff and/or class members fees that you collected.

Request for Production of Documents 25: Please produce all documents evidencing and relating to any decision to cease collecting Property Inspection Fees from the Plaintiff or class members.

Request for Production of Documents 26: Please produce copies of the servicing guidelines and procedures that applied to the servicing of Plaintiff's loan during the time the responding Defendant serviced the loan,

including all procedures related to the assessment of fees, the application of payments, and contacts with borrowers.

Plaintiff's motion for extension of time to file motion for class certification is **GRANTED** and will be designated by forthcoming amended scheduling order. ECF No. 65.

It is so **ORDERED**.

The Clerk is directed to forward this Order to all counsel of record.

**DATED:** March 27, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA