```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**PATRICIA EDGE in her own right and as**
**representative of a class of persons**
**similarly situated,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:21-CV-122**
　　　　　　　　　　　　　　　　　　　　　　　　**(KLEEH)**

**ROUNDPOINT MORTGAGE SERVICING CORPORATION,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CONVERT DEFENDANT'S PARTIAL MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT AND DEFER RULING [ECF NO. 61]**

On October 14, 2022, Plaintiff, by counsel, filed *Plaintiff's Rule 12(d) Motion to Convert Defendant's Partial Motion to Dismiss into one for Summary Judgment, and Rule 56(d) Motion to Defer and Conduct Further Discovery to Adequately Oppose Summary Judgment* [ECF No. 61]. Plaintiff seeks to convert Defendant's Partial Motion to Dismiss [ECF No. 56] under Rule 12(d) of the Federal Rules of Civil Procedure to a Motion for Summary Judgment pursuant to Rule 56. ECF No. 61. Defendant responded in opposition to Plaintiff's Motion, requesting the Court deny the motion and direct her to respond to the Rule 12(b)(6) Motion to Dismiss. ECF No. 63. Plaintiff replied in support. ECF No. 64.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CONVERT DEFENDANT'S PARTIAL MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT AND DEFER RULING [ECF NO. 61]**

## I.  PROCEDURAL HISTORY

On September 2, 2021, Defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint") removed this action from the Circuit Court of Harrison County, West Virginia. ECF No. 1. The Court entered its First Order and Notice, Scheduling Order, and First Amended Scheduling Order designating deadlines for this litigation. ECF Nos. 2, 15, 27.

On August 1, 2022, Plaintiff filed a motion for leave to file an amended class complaint, which was granted. ECF Nos. 41, 52, 53. On August 2, 2022, Plaintiff filed a motion to compel discovery and requested the Court order RoundPoint to provide full responses to class related discovery. ECF No. 43. On September 6, 2022, after agreed extensions of time, RoundPoint responded to the motion to compel, stating it believes the relief Plaintiff seeks will be moot. ECF No. 51. RoundPoint filed a motion to stay discovery on August 30, 2022, and Plaintiff opposed on September 13, 2022. On September 19, 2022, RoundPoint filed a motion to dismiss and included a number of attachments for the Court's consideration. ECF No. 56. Plaintiff filed the instant *Rule 12(d) Motion to Convert Defendant's Partial Motion to Dismiss into one for Summary Judgment, and Rule 56(d) Motion to Defer and Conduct Further Discovery to Adequately Oppose Summary Judgment* [ECF No. 61] which,

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CONVERT DEFENDANT'S PARTIAL MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT AND DEFER RULING [ECF NO. 61]**

being ripe for decision, is the subject of this Memorandum Opinion and Order.

## II.   AMENDED CLASS COMPLAINT

### A. Parties

Plaintiff Patricia Edge sues Defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint"), on behalf of herself and a class of West Virginia borrowers with loans serviced by RoundPoint. ECF No. 53, Am. Compl., ¶ 1.[1] RoundPoint "unfairly, unreasonably, and unlawfully services loans of West Virginia consumers by assessing numerous fees not permitted by West Virginia law." Id. Plaintiff alleges RoundPoint is a mortgage loan servicer, incorporated by the laws of Delaware, that does business in the state of West Virginia. Id. ¶ 3. Plaintiff also alleges RoundPoint is a debt collector pursuant to W. Va. Code § 46A-2-122(d). Id. ¶ 48. Plaintiff is a resident of West Virginia, and believes she qualifies as a person under protection of the West Virginia Consumer Credit and Protection Act ("WVCCPA"). Id. ¶¶ 2, 47.

### B. Allegations in Amended Class Complaint

Plaintiff alleges RoundPoint improperly charged her costs and fees in contravention of the WVCCPA, and harassed her in carrying

---

[1] All well-pleaded facts in the Amended Class Complaint are accepted as true and taken in view most favorable to Plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CONVERT DEFENDANT'S PARTIAL MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT AND DEFER RULING [ECF NO. 61]**

out its debt collection practices. In August 2014, RoundPoint was assigned to service Plaintiff's mortgage. Id. ¶ 4. "As reflected by Plaintiff's payment history documents, RoundPoint has assessed and collected, and/or threatened to assess and collect, property inspection fees, and miscellaneous or other default related fees from Plaintiff." Id. ¶ 5. RoundPoint threatens to charge, and charges, additional fees and costs prohibited by West Virginia Code § 46A-2-127(g), which bans "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation[.]" Id. ¶ 7. The WVCCPA further prohibits a debt collector from "collect[ing] or attempt[ing] to collect from the consumer all or any part of the debt collector's fee or charge for services rendered" and excludes "[t]he collection of or the attempt to collect any interest or other charge, fee or expense incidental to the principal obligation unless such interest or incidental fee, charge or expense is expressly authorized by the agreement creating the obligation and by statute." Id. ¶¶ 8-9 (quoting W. Va. Code §§ 46A-2-128(c) and (d)).

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CONVERT DEFENDANT'S PARTIAL MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT AND DEFER RULING [ECF NO. 61]**

As a result of default, the WVCCPA authorizes charges against a consumer for "costs of publication, appraisal fees, title examination fees, notice and mailing fees, and certain trustee expenses," but does not permit property inspection fees. Id. ¶¶ 10-12. The WVCCPA likewise does not allow charges of property inspection fees or default related fees. Id. ¶ 15. "Plaintiff's mortgage agreement in paragraph 14 of the deed of trust likewise prohibits fees and charges prohibited by state law." Id. ¶ 16. Plaintiff's mortgage agreement nor West Virginia law permits property inspection fees or other default-related fees. Id. ¶ 17.

RoundPoint has been harassing Plaintiff, calling her more than thirty times per week, "causing harassment, oppression, abuse, aggravation, annoyance, and inconvenience of which the Defendant knew or reasonably should have known would be the natural consequences of said conduct." Id. ¶¶ 18-19. RoundPoint is liable for the acts of its employees under the theory of respondeat superior. Id. ¶ 20. Plaintiff has suffered damages as a result of the harassment. Id. ¶ 23. Plaintiff brings her claims on behalf of herself and on behalf of a class of consumers, those similarly situated. Id. ¶¶ 24-40.

Plaintiff pleads three causes of action against RoundPoint:

(1)  Illegal Debt Collection – Illegal Fees (Class Claim)

Case 1:21-cv-00122-TSK Document 69 Filed 03/27/23 Page 6 of 11 PageID #: 652

**Edge v. Roundpoint** 1:21cv122

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CONVERT DEFENDANT'S PARTIAL MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT AND DEFER RULING [ECF NO. 61]**

(2) Illegal Debt Collection – False Representation of Amount of Claim (Class Claim)

(3) Violations of the West Virginia Consumer Credit and Protection Action (Individual Claim)

In its Motion for Partial Dismissal [ECF No. 56], RoundPoint seeks to dismiss Counts I and II of the Amended Class Complaint.

### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a Complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the Complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

> If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CONVERT DEFENDANT'S PARTIAL MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT AND DEFER RULING [ECF NO. 61]**

It is proper for a court to "consider documents that are explicitly incorporated into the complaint by reference." Goines v. Valley Community Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)). When a document is "integral to and explicitly relied on in the complaint," and its authenticity is not in dispute, a court may consider that document in determining a motion to dismiss. Zak v. Chelsea Therapeutics Intern., Ltd., 780 F.3d 597, 606-07 (4th Cir. 2015). Rule 56(d) of the Federal Rules of Civil Procedure provides that if the opposing party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion for summary judgment, the court can defer or deny the motion. Fed. R. Civ. P. 56(d).

## IV. DISCUSSION

RoundPoint moves to dismiss Counts I and II of Plaintiff's Amended Class Complaint, arguing (1) both West Virginia law and the Deed of Trust permit property inspection fees and a title inspection fee, and (2) Count II is derivative of Count I. RoundPoint attached the following Exhibits to its partial motion to dismiss: (1) Affidavit of David Hughes ("Affidavit"), (2) Deed of Trust (Ex. A), (3) Note (Ex. B), (4) Payment History for the

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CONVERT DEFENDANT'S PARTIAL MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT AND DEFER RULING [ECF NO. 61]**

mortgage loan (Ex. C), (5) Title Certificate (Ex. D), (6) Invoice for the Title Certificate (Ex. E), (7) Property Inspection Detail Reports (Ex. F), (8) Loan Modification Agreement (Ex. G), (9) Check from RoundPoint to Plaintiff (Ex. H), (10) original Complaint (Ex. I), and (11) a Circuit Court of Barbour County decision in <u>Gillis v. Bayview Loan Servicing, LLC</u> (Ex. J). ECF Nos. 56-1 – 56-2, Exhibits A-J.

Plaintiff contends RoundPoint has included facts that fall outside the pleadings. ECF No. 61 at 8. Plaintiff labels these exhibits as various "complex" and "internal" data documents, the inclusion of which requires the Court to treat the motion to dismiss as one for summary judgment under Rule 56. ECF No. 64 at 3, Fed. R. Civ. P. 12(d). Specifically, Plaintiff believes the attached exhibits raise genuine issues of material fact, which requires the motion be converted under Rule 12(d) and affords Plaintiff additional time to complete discovery and properly respond to the motion.

RoundPoint argues its affidavit and copies of documents that were explicitly referenced in the Amended Complaint, such as the Deed of Trust and the Payment History for the loan, do not require conversion. ECF No. 63. While Plaintiff's allegations stem from documents executed between these parties, RoundPoint's attachments

Case 1:21-cv-00122-TSK   Document 69   Filed 03/27/23   Page 9 of 11   PageID #: 655

**Edge v. Roundpoint**                                                    **1:21cv122**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CONVERT DEFENDANT'S PARTIAL MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT AND DEFER RULING [ECF NO. 61]**

included in its motion to dismiss, that were not incorporated in the Amended Complaint, counsel in favor of conversion under Rule 12(d) of the Federal Rules of Civil Procedure.

The Court finds the motion appropriate for summary judgment scrutiny and therefore converts the motion to one for summary judgment pursuant to Rule 12(d). Additionally, fairness counsels in favor of additional time to conduct discovery on the issues raised by RoundPoint in its motion. Counsel for Roundpoint has raised new facts beyond the pleadings in its motion to dismiss. Indeed, Roundpoint attached an Affidavit and ten (10) exhibits to the motion. The exhibits are newly raised and fall outside Plaintiff's Amended Complaint. Roundpoint alleges facts outside the pleadings in an attempt to prove monetary amounts in issue (an alleged $240.00 check from Roundpoint to Plaintiff). Plaintiff requires discovery to show whether Roundpoint's property inspection fees were improper, and Plaintiff is entitled to seek discovery on the issue to prove its case.

Because the attached exhibits to the motion raise new facts, and the motion included allegations that fall outside the pleadings, the motion to dismiss must be converted to one for summary judgment under Rule 12(d) and the parties are granted the opportunity to conduct reasonable discovery.

Case 1:21-cv-00122-TSK Document 69 Filed 03/27/23 Page 10 of 11 PageID #: 656

**Edge v. Roundpoint** 1:21cv122

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CONVERT DEFENDANT'S PARTIAL MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT AND DEFER RULING [ECF NO. 61]**

## V.  CONCLUSION

Therefore, *Plaintiff's Rule 12(d) Motion to Convert Defendant's Partial Motion to Dismiss into one for Summary Judgment, and Rule 56(d) Motion to Defer and Conduct Further Discovery to Adequately Oppose Summary Judgment* [ECF No. 61] is **GRANTED**. RoundPoint's Partial Motion to Dismiss [ECF No. 56] is therefore converted into a Motion for Summary Judgment under Rule 56, and a ruling on the motion is deferred until the parties conduct discovery. Fed. R. Civ. P. 12(d).

The parties, being entitled to a reasonable opportunity to present all material pertinent to the motion, shall have until **June 16, 2023,** to conduct discovery on the issues raised in RoundPoint's Motion for Summary Judgment [ECF No. 56]. Plaintiff shall file her response to the Motion [ECF No. 56] on or before **June 30, 2023**. RoundPoint's reply shall be filed on or before **July 7, 2023.**

Roundpoint's motion to stay discovery is **DENIED** as moot. ECF No. 49. The joint motion to extend deadline to file dispositive motions is **GRANTED** and will be designated by forthcoming amended scheduling order. ECF No. 67.

It is so **ORDERED.**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CONVERT DEFENDANT'S PARTIAL MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT AND DEFER RULING [ECF NO. 61]**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

**DATED:** March 27, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA