IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICIA EDGE in her own right and as
representative of a class of persons
similarly situated,

  Plaintiff,

v.         CIVIL ACTION NO. 1:21-CV-122
           (KLEEH)

ROUNDPOINT MORTGAGE SERVICING CORPORATION,

  Defendant.

MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]

Pending before the Court is a motion for class certification [ECF No. 84]. For the reasons discussed herein, the Court **GRANTS** the motion.

## I. BACKGROUND

Plaintiff Patricia Edge sues Defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint"), on behalf of herself and a class of West Virginia borrowers with loans serviced by RoundPoint. ECF No. 53, Am. Compl., ¶ 1. RoundPoint "unfairly, unreasonably, and unlawfully services loans of West Virginia consumers by assessing numerous fees not permitted by West Virginia law." Id. Plaintiff alleges RoundPoint is a mortgage loan servicer, incorporated by the laws of Delaware, that does business in the state of West Virginia. Id. ¶ 3. Plaintiff also alleges RoundPoint is a debt collector pursuant to W. Va. Code § 46A-2-122(d). Id. ¶

**Edge v. RoundPoint**                                              **1:21-CV-122**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]**

48. Plaintiff is a resident of West Virginia, and believes she qualifies as a person under protection of the West Virginia Consumer Credit and Protection Act ("WVCCPA"). Id. ¶¶ 2, 47.

As a result of default, the WVCCPA authorizes charges against a consumer for "costs of publication, appraisal fees, title examination fees, notice and mailing fees, and certain trustee expenses," but does not permit property inspection fees. Id. ¶¶ 10-12. According to Plaintiff, this practice is illegal under West Virginia law, which does not allow debt collectors to charge fees not expressly authorized by statute. Thus, Edge contends the property inspection fee is an illegal assessment of fees under sections 46A-2-127(c), -127(g), -128(c), and -128(d) of the WVCCPA, as well as a violation of §46A-2-124(f), which makes it illegal to threaten to take any action prohibited by Chapter 46 or other law regulating debt collector's conduct. Am. Compl. ¶¶ 41-43. Plaintiff additionally contends RoundPoint made false representations regarding additional fees and costs in violation of W. Va. Code § 46A-2-127(d).

Plaintiff received a loan on April 26, 2002, in the amount of $128,000 that was secured by a Deed of Trust and Note. ECF No. 102, Exs. A, B. The deed of trust permitted RoundPoint to make property inspections and provides a mechanism for issuing refunds of loan charges. RoundPoint contends that accepting a refund of

2

Edge v. RoundPoint                                        1:21-CV-122

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]

a loan charge qualifies as a waiver of any right of action arising from the charge or fee. Id. at p. 3, Ex. A.[1]

Plaintiff alleges that RoundPoint impermissibly profits from the homeowners whose mortgages it services by charging and collecting illegal property inspection fees which are not permitted by statute. Am. Compl. ¶¶ 5-17. Plaintiff specifically alleges that her loan history and mortgage billing statements confirm RoundPoint assessed these property inspection fees to her four times within the applicable statute of limitations. ECF No. 85, Exs. A, B.; ECF No. 102 ("The vendor assessed a fee of $15 to RoundPoint for each inspection, and RoundPoint assessed a fee of $15 to the Loan on May 1, 2017, June 5, 2017, July 5, 2017, and August 8, 2017"). RoundPoint stopped assessing the property inspection fees to Plaintiff in 2017, and to all West Virginia borrowers in February 2019. ECF No. 102, at pp. 4-5.

RoundPoint decided in March 2020 to reimburse West Virginia borrowers who were current on their loans for the property inspection fees. Id. at p. 5. Plaintiff received a check for $240 and a letter explaining the check was a reimbursement for over-collection of fees. Id. Plaintiff deposited the check in her bank

---

[1] As discussed herein, whether the WVCCPA allows for waiver of consumer rights is a legal question which is applicable to the class and is appropriate for assessment at the liability phase.

Edge v. RoundPoint                                      1:21-CV-122

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]**

account. Id.; ECF No. 111, at p. 2 ("she accepted the check tendered to her when she was offered it.").

Regarding the potential class, RoundPoint assessed 920 property inspection fees to 198 individuals in the proposed class. ECF No. 85, Ex. D. RoundPoint additionally sent debt collection communications to the individuals in the proposed class [ECF No. 85, Exs. E-I], and RoundPoint's corporate representative testified that it could calculate the number of debt collection communications sent to class members which referred to or included the property inspection fees. ECF No. 85, Ex. D. Moreover, Plaintiff contends that RoundPoint operates under uniform policies and procedures regarding its debt collection procedures, including collection of property inspection fees. ECF No. 85, Ex. J.

## II.  **RELEVANT PROCEDURAL HISTORY**

On September 2, 2021, Defendant RoundPoint removed this action from the Circuit Court of Harrison County, West Virginia. ECF No. 1. On August 1, 2022, Plaintiff filed a motion for leave to file an amended class complaint, which was granted. ECF Nos. 41, 52, 53. On August 22, 2023, Plaintiff filed the subject motion for class certification. ECF No. 84. Defendant filed its response in opposition to class certification on September 12, 2023 [ECF No. 98] and Plaintiff filed her reply in support of class certification on August 26, 2023 [ECF No. 111]. The Court held a

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]**

hearing on multiple pending motions, including the subject motion, on November 15, 2023. Thus, Plaintiff's Motion is fully briefed and ripe for review.

### III. DISCUSSION

"A district court 'has broad discretion in deciding whether to certify a class, but that discretion must be exercised within the framework of Rule 23.'" Mey v. Matrix Warranty Sols., Inc., No. 5:21-CV-62, 2023 WL 3695593, at *3 (N.D.W. Va. Mar. 23, 2023) (quoting Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, 146 (4th Cir. 2001)).

#### i. The Proposed Class

The Plaintiff defines the proposed class as follows:

> All consumers with West Virginia addresses who, within the applicable statute of limitations preceding the filing of this action through the date of class certification, had or have loans serviced by Defendant and were assessed at least one property inspection fee on or before February 29, 2020.

#### ii. Applicable Law

Plaintiff has the burden of demonstrating that the requirements for class-wide adjudication under Rule 23(b)(3) have been met. Krakauer v. Dish Network, LLC, 925 F.3d 643, 654 (4th Cir 2019) (citing Comcast Corp. v. Behrend, 569 U.S. 27, 33 (2013)). Under Rule 23(a), the Plaintiff must first demonstrate that: (1) the class is so numerous that joinder of all members is

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]**

impracticable; (2) there are questions of law or fact common to
the class; (3) the claims or defenses of the representative party
are typical of the claims or defenses of the class; and (4) the
representative party will fairly and adequately protect the
interests of the class. Fed. R. Civ. R. 23(a).

Second, in order to obtain class certification under Rule
23(b)(3), the Plaintiff must also demonstrate that questions of
law or fact common to the class members predominate over any
questions affecting only individual class members, and that a class
action is superior to other available methods for fairly and
efficiently adjudicating the controversy. Fed. R. Civ. P.
23(b)(3). Finally, the Plaintiff must demonstrate that the members
of the class are readily identifiable. EQT Prod. Co. v. Adair, 764
F.3d 347, 358 (4th Cir. 2014). District courts must perform a
"rigorous" analysis to determine whether the class requirements
are met. Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982).

### iii.   Rule 23(a) Requirements

The Court first analyzes whether Plaintiff has satisfied the
four requirements of Rule 23(a).

#### 1.   Numerosity

"[N]umerosity requires that a class be so large that 'joinder
of all members is impracticable.'" Kay Co., LLC v. EQT Prod. Co.,
No. 1:13 CV 151, 2017 WL 10436074, at *6 (N.D. W. Va. Sept. 6,

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]**

2017) (alteration in original) (quoting Fed. R. Civ. P. 23(a)(1)).
"Impracticable does not mean impossible." Robidoux v. Celani, 987
F.2d 931, 935 (2d Cir. 1993). Rather than relying on numbers alone,
courts should examine the specific facts of the case. Gen. Tel.
Co. of the Nw., Inc. v. EEOC, 446 US. 318, 330 (1980). Relevant
factors include "the estimated size of the class, the geographic
diversity of class members, the difficulty of identifying class
members, and the negative impact of judicial economy if individual
suits were required." Christman v. Am. Cyanamid Co., 92 F.R.D.
441, 451 (N.D. W. Va. 1981); see also In re Serzone Prods. Liab.
Litig., 231 F.R.D. 221, 237 (S.D. W. Va. 2005) (listing same
factors).

"No specified number is needed to maintain a class action
under [Rule] 23 . . .." Cypress v. Newport News Gen. & Nonsectarian
Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967). Moreover, Plaintiff
need not "know precisely the size of the class, rather it is
necessary only to show that the class is so large as to make
joinder impracticable." McGlothlin v. Connors, 142 F.R.D. 626, 632
(W.D. Va. 1992) (citations omitted). "Because there is no bright
line test for determining numerosity, the determination rests on
this Court's practical judgment in light of the particular facts
of the case." Mey, 2023 WL 3695593, at *6.

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]

Here, the Court readily concludes that Plaintiff has satisfied her burden of demonstrating that the proposed class is so numerous that "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiff has identified 920 fees under its proposed class definition, relating to 198 consumer loans. Additionally, Plaintiff contends the 198 class members received debt communications referencing the assessment of the fees. ECF No. 85. Defendant does not readily argue that the 198 proposed class members are insufficiently numerous. Rather, Defendant argues that the list of borrowers who were assessed property inspection fees to their loans are not necessarily potential class members because "none of these borrowers possess viable claims against RoundPoint. RoundPoint lawfully assessed property inspection fees to each of these accounts, and no borrower can plausibly assert a claim under the WVCCPA arising out of these fees." ECF No. 102, at p. 21. Defendant's position relies upon its merit's argument, which is subject to the pending cross summary judgment motions.[2] Defendant's position on the legality of the fees does not have any bearing on whether joinder of 198 people would

---

[2] "As a general rule, 'district courts should rule on class certification requests before ruling on a summary judgment motion or otherwise ruling on the merits of the claims.'" Delebreau v. Bayview Loan Servicing, LLC, 770 F. Supp. 2d 813, 818 (S.D.W. Va. 2011), aff'd, 680 F.3d 412 (4th Cir. 2012) (quoting Muhammad v. Giant Food, Inc., 108 Fed.Appx. 757, 763 (4th Cir. 2004)).

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]**

be impracticable. Accordingly, the Court **FINDS** the proposed class sufficiently numerous.

### 2.  Commonality

Rule 23 next requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Demonstrating class commonality is a low hurdle. . . [and] requires only a single issue common to the class." Mey, 2023 WL 3695593, at *6. Rule 23(a)(2)'s commonality requirement, however, "is subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the class 'predominate over' other questions." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 609 (1997). Accordingly, the Court will consider commonality in its discussion of predominance below.

### 3.  Typicality

Rule 23 also requires that "the claims . . . of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). In other words, "'a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.'" Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, 146 (4th Cir. 2001) (quoting Falcon, 457 U.S. at 156). A plaintiff must show "(1) that their interests are squarely aligned with the interests of the class members and (2) that their claims arise from the same events

**Edge v. RoundPoint**                                    **1:21-CV-122**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]**

and are premised on the same legal theories as the claims of the class members." Baxley v. Jividen, 338 F.R.D. 80, 88 (S.D.W. Va. 2020) (Chambers, J.). But, "[t]he class representatives and class members need not have suffered identical injuries or damages." In re Serzone Prods. Liab. Litig., 231 F.R.D. at 238 (emphasis added) (citing United Bhd. of Carpenters & Joiners of Am., Local 899 v. Phoenix Assocs., Inc., 152 F.R.D. 518, 522 (S.D. W. Va. 1994)). "A plaintiff's claim may differ factually and still be typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" Kay Co., LLC, 2017 WL 10436074, at *9 (quoting Zapata v. IBP, Inc., 167 F.R.D. 147, 160 (D. Kan. 1996)).

Here, Plaintiff has satisfied her burden of demonstrating that her claims are typical of the proposed class. Plaintiff contends that her claims are typical because they arise from Defendant's uniform debt collection practices and are based on the same legal theory as the class claims. ECF No. 85, at p. 8. Plaintiff alleges she was assessed four property inspection fees within the applicable statute of limitations and received standard written communications from RoundPoint regarding the collection of inspection fees. Id. These are the same claims of the proposed class.

**Edge v. RoundPoint**                                                   **1:21-CV-122**

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]

In contrast, Defendant argues that Edge is not a typical representative because her WVCCPA claims are subject to a unique defense. ECF No. 102, at p. 19. Specifically, Defendant argues that Edge's personal claims will be subject to a waiver defense because she deposited a refund check from RoundPoint for the inspection fees. Id. at pp. 19-20. Thus, RoundPoint contends that Edge's claims are not similar to borrowers who did not receive checks or who did not have security instruments with a waiver provision. Id. However, the Court agrees with Plaintiff that these arguments do not make Edge an atypical member of the proposed class and are merit-focused arguments more appropriate for consideration at the summary judgment stage. Edge's claims all arise from the same practice or course of conduct and are based on the same legal theory – whether there is any statute which expressly authorizes property inspection fees.

Plaintiff is one of many within the class who received the refund and the WVCCPA does not limit recovery to actual damages. See Vanderbilt Mortg. and Finance, Inc. v. Cole, 740 S.E.2d 562 (2013). Moreover, West Virginia law does not permit consumers to waive their rights under the WVCCPA. W. Va. Code §46A-1-107. See Clements v. HSBC Auto Finance, Inc., 2010 WL 4281697 (S.D. W. Va. Oct. 19, 2010) ("Even assuming *arguendo* that Plaintiffs did consent, W.Va. Code Section 46A-1-107 provides that a consumer may

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]

not 'waive or agree to forgo rights or benefits' under the WVCCPA."). Thus, the Court declines to find Edge is an atypical representative as RoundPoint urges.

All of the claims are based on the theory that RoundPoint assessed property inspection fees and attempted to collect property inspection fees through standardized written communications. And although the plaintiffs' damages may vary based on the amount and frequency of RoundPoint's allegedly unlawful conduct, "[t]he class representatives and class members need not have suffered identical injuries or damages." In re Serzone Prods. Liab. Litig., 231 F.R.D. at 238 (citing Phoenix Assocs., Inc., 152 F.R.D. at 522). Thus, the Court **FINDS** the typicality requirement satisfied.

### 4.   Adequacy of Representation

Rule 23 requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy determination requires a two-pronged inquiry: (1) the named plaintiff must not have interests antagonistic to those of the class; and (2) the named plaintiff's attorneys must be qualified, experienced and generally able to conduct the litigation." Mey, 2023 WL 3695593, at *7. See Hewlett, 185 F.R.D. at 218. The latter inquiry "serves to uncover conflicts

Edge v. RoundPoint                                          1:21-CV-122

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]**

of interest between named parties and the class they seek to represent." Windsor, 521 U.S. at 625.

Here, Plaintiff has satisfied the burden of demonstrating adequacy for two reasons. First, because RoundPoint did not challenge the competency of Plaintiff's counsel, the Court presumes they are "competent and sufficiently experienced to prosecute vigorously the action on behalf of the class." Hewlett, 185 F.R.D. at 218 (citing Zapata, 167 F.R.D. at 161).

Second, the interests of the proposed class representative do not conflict with those of the proposed class members. Despite RoundPoint's claim that Edge will be subject to unique defenses and distracted from litigating the best interests of the class members, she seeks the same type of relief based on the same theory of the case. As discussed supra, the waiver issue is a subject of the pending cross summary judgment motions and would impact other class members who received the refund or a loan credit. Furthermore, Edge seeks statutory damages, in addition to actual damages, for the WVCCPA claims. Moreover, Edge has testified that she understands her role of representing the other class members and treating them fairly. ECF No. 111, Ex. F. Accordingly, the proposed class representative's claims are "sufficiently interrelated to . . . ensure fair and adequate representation." Hewlett, 185 F.R.D. at 218 (citing Buford, 168 F.R.D. at 352).

13

Edge v. RoundPoint                                              1:21-CV-122

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]**

### iv.   Rule 23(b) Requirements

The Court turns now to whether the Plaintiff has satisfied the requirements of Rule 23(b)(3).

#### 1.   Predominance

A class action can be maintained under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The predominance inquiry 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" Lienhart, 255 F.3d at 147 (quoting Amchem Prods., Inc., 521 U.S. at 623). "The predominance inquiry focuses on whether liability issues are subject to class-wide proof or require individualized and fact-intensive determinations." Kay Co., LLC v. EQT Prod'n Co., No. 1:13-CV-151, 2017 WL 10436074, at *10 (N.D.W. Va. Sept. 6, 2017) (Bailey, J.).

"Deciding whether common questions predominate over individual ones involves a qualitative, rather than quantitative, inquiry." Id. (citing Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 429 (4th Cir. 2003)). Critically, "[c]ommon liability issues may still predominate even when individualized inquiry is required in other areas." Good, 310 F.R.D. at 296 (citing Gunnells,

**Edge v. RoundPoint**                                                    **1:21-CV-122**

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]

348 F.3d at 429). "At bottom, the inquiry requires a district court to balance common questions among class members with any dissimilarities between class members." Id. (citing Gunnells, 348 F.3d at 427-30).

Conducting the requisite balancing test here, the Court concludes that the common questions of law and fact presented in this case outweigh the claimed dissimilarities among class members that likely will require individualized inquiries. Indeed, this case presents four common questions of law and fact:

> (1)   Whether West Virginia Code §46A-2-115 (or any statute) expressly authorizes the property inspection fees RoundPoint collected from Plaintiff and the class;

> (2)   Whether RoundPoint misrepresented the amount of any claim;

> (3)   Whether RoundPoint is entitled to any class-wide defense; and

> (4)   Whether and in what amount consumers should receive a statutory penalty under the WVCCPA.

Of these common questions, the first three are strictly limited to liability. If the answer to the first question is yes, as RoundPoint has insisted, it may not be liable under the WVCCPA. But if the answer is no, that ruling would determine liability for all class members and then require assessment of the remaining common questions, including RoundPoint's waiver defense.

**Edge v. RoundPoint**                                                    **1:21-CV-122**

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]

Furthermore, "[c]ourts in every circuit have uniformly held that the [Rule] 23(b)(3) predominance requirement is satisfied despite the need to make individualized damage determinations . . . ." Kay Co., LLC, 2017 WL 10436074, at *11 (citations omitted). And conducting the necessary balancing test, it is clear that "[t]he common questions discussed above predominate" and answering these questions "will largely dispose of this litigation." [Id. at 12] – as evidenced by the pending cross motions for summary judgment [ECF Nos. 103, 105].

RoundPoint contends the Court would need to look to details of the class members' individual deeds of trust, payment histories, and other particularized facts to assess their specific claims, but the determination of whether the property inspection fees are statutorily permissible is a threshold issue for all possible class members. Any individualized or subclass assessments, are secondary to the above common questions of law and fact. In sum, the common questions of law and fact listed above predominate over the uncommon questions of potential defenses or damages incurred.

### 2. Superiority

Rule 23(b)(3) also requires that the proposed class action be superior to other methods of adjudication so that the class action will "'achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated,

16

**Edge v. RoundPoint**                                    **1:21-CV-122**

MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]

without sacrificing procedural fairness or bringing about other undesirable results.'" Windsor, 521 U.S. at 615 (quotation omitted). When determining whether a class action is superior under Rule 23(b)(3), courts consider four relevant guidelines:

> (A)  the  class  members'  interests  in individually controlling the prosecution or defense of separate actions;

> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

> (C) the desirability or undesirability of concentrating  the  litigation  of  the claims in the particular forum; and

> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A)-(D); see also Hewlett, 185 F.R.D. at 220 (noting that these subsections are "guidelines").

Here, RoundPoint does not readily dispute that a class action would be the superior method for adjudication. Rather, Defendant's challenge under Rule 23(b) focuses on predominance. Nonetheless, the Court, considering the above guidelines, finds that Plaintiff has sufficiently shown superiority.

First, liability is a common question here which would be inefficient to litigate approximately 198 times. Considering RoundPoint's culpability in a class liability phase would allow for consistency. Moreover, the cost of proceeding individually would likely be impractical and cost prohibitive. Thus, without a

**Edge v. RoundPoint**                                          **1:21-CV-122**

MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]

class action, the potential class members would likely not vindicate their rights and obtain relief – if any.

Second, "the interest in personal control of the litigation is minimal in this context." Soutter v. Equifax Info. Servs., LLC, 307 F.R.D. 183, 218 (E.D. Va. Apr. 15, 2015) (citation omitted). In addition, "[t]o the extent any individual does wish to retain control, . . . the opt out mechanism will be available." Id. at 218. This is particularly so where, as here, the alleged injuries stem from the same course of conduct and raise the same legal and factual questions.

Third, allowing the members of the proposed class to pursue a class action "serves the interest of judicial economy." Thomas v. FTS USA, LLC, 312 F.R.D. 407, 426 (E.D. Va. Jan. 7, 2016). "It saves time and resources to resolve the issues presented on a class wide basis rather than to" resolve several hundred motions for summary judgment "on the same issues." Id. In other words, there is a strong desirability to concentrate the litigation of these claims in this Court for "consolidated resolution of the common issues." See Fed. R. Civ. P. 23(b)(3)(C) (requiring courts to consider "the desirability or undesirability of concentrating the litigation of the claims in the particular forum").

Finally, "the similarity of factual and legal issues indicates that a class action would be manageable . . . ." See

**Edge v. RoundPoint**                                            **1:21-CV-122**

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]

Fed. R. Civ. P. 23(b)(3)(D) (requiring courts to consider "the likely difficulties in managing a class action"). As previously discussed, this case presents four common questions of law and fact that predominate over the individualized question of damages or potential defenses. Answering these common questions in one class action will not only be manageable, but also more efficient. In sum, the Plaintiff's proposed class action is far superior to individual litigation.

### 3.   Ascertainability

Although not specifically required, the Fourth Circuit has "repeatedly recognized that Rule 23 contains an implicit threshold requirement that the members of a proposed class be 'readily identifiable.'" Adair, 764 F.3d at 358 (citations omitted). This implied rule has regularly been described "as an 'ascertainability' requirement." Id. (citations omitted). "However phrased, the requirement is the same. A class cannot be certified unless a court can readily identify the class members in reference to objective criteria." Id. (citations omitted). "The plaintiffs need not be able to identify every class member at the time of certification." Id. "But if class members are impossible to identify without extensive and individualized fact finding or mini trials, then a class action is inappropriate." Id. (cleaned up) (citations omitted).

Edge v. RoundPoint                                        1:21-CV-122

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]

Here, the Plaintiff's proposed class is readily identifiable. To start, the proposed class is limited to "[a]ll consumers with West Virginia addresses who, within the applicable statute of limitations preceding the filing of this action through the date of class certification, had or have loans serviced by Defendant and were assessed at least one property inspection fee on or before February 29, 2020." ECF No. 84.

Discovery has provided the list of charged inspection fees, the individuals charged the fees, and the communications sent regarding the inspection fees. RoundPoint claims the proposed class is not ascertainable and that litigating on a class wide basis would require a focus upon a series of individual issues. ECF No. 102, at p. 2. Defendant contends that the list it provided of borrowers who had property inspections assessed on their loans, is not an ascertainable class because RoundPoint would need to review each loan file to determine whether the borrower waived his or her claims and review all communications sent to each borrower. Id. at p. 21.

However, this argument is unavailing because the overarching question of whether there is any statute which authorizes the property inspection fees must be answered for the entire class first. Moreover, as discussed supra, whether waiver is lawfully permitted under the WVCCPA is a legal question which should be

20

Edge v. RoundPoint                                          1:21-CV-122

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]**

assessed at the summary judgment phase. Either way, the determination of this legal question can be assessed for the class, without looking at the individual documents. The Court need not look to Plaintiff or any class member's Deed of Trust, payment history, or any individualized facts to determine these legal questions.

### 4.   Definition and Appointments

For the reasons discussed, the Court will certify the following class:

> All consumers with West Virginia addresses who, within the applicable statute of limitations preceding the filing of this action through the date of class certification, had or have loans serviced by Defendant and were assessed at least one property inspection fee on or before February 29, 2020.

The Court excludes any person involved in related litigation, pursuing the same claim, against the same defendant, based on the same facts and circumstances.

Next, the Court appoints Patricia Edge to serve as class representative because her claims are typical of the class as required by Rule 23(a)(3), and she will fairly and adequately protect the interests of the class as required by Rule 23(a)(4). And considering the requirements of Rule 23(g)(1)(A), the Court concludes that Jonathon Marshall and Patricia Kipnis of Bailey & Glasser LLP, and Jason Causey of Bordas & Boras, PLLC are

Edge v. RoundPoint                                    1:21-CV-122

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]**

knowledgeable and experienced in class action litigation, making them well qualified to represent the Plaintiffs. ECF No. 84-1. Accordingly, the Court appoints Jonathon Marshall, Patricia Kipnis, and Jason Causey as class counsel.

### IV. <u>CONCLUSION</u>

Plaintiff has satisfied the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. For the reasons discussed above, the Court **GRANTS** the motion for class certification [ECF No. 84]. The Court **CERTIFIES** this case as a class action pursuant to Rule 23(b)(3); **APPOINTS** Edge as class representative; and **APPOINTS** Jonathon Marshall, Patricia Kipnis, and Jason Causey as class counsel pursuant to Rule 23(g).

The Court further **ORDERS** class counsel to submit a proposed Notice of Certification to the defined class to be mailed to members of the class in accordance with Rule 23(c)(2)(B) within 30 days of the date of this Order;

The *Order on Consent Motion to Extend Remaining Case Management Deadlines and Dates* [ECF No. 153], entered January 12, 2024, will govern the remaining deadlines and dates in this case.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

**Edge v. RoundPoint**                                          **1:21-CV-122**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR CLASS CERTIFICATION [ECF NO. 84]**

DATED: March 29, 2024

*Tom S Kleeh*

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA